UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SYRIS T. BIRKLEY,

                Plaintiff,

v.                                                       Case No. 23-cv-110-pp

LIAM NITZ, LT. STEVESON,
CAPTAIN HANNAH and SHERIFF,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

      Syris T. Birkley, who was incarcerated at the Milwaukee County Jail when he filed the complaint and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On March 9, 2023, the court ordered the plaintiff was not required to pay an initial partial filing fee and gave him an opportunity to voluntarily dismiss this case without incurring a strike. Dkt. No. 6. The plaintiff did not voluntarily dismiss this case. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the filing fee.

## II.   Screening the Complaint

### A.   Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fangio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations[1]

The plaintiff has sued Liam Nitz, Lieutenant Steveson, Captain Hannah and "Sheriff." Dkt. No. 1 at 1. He alleges that an incident took place when he was a pretrial detainee and that the date of incident is in his previous complaint that was dismissed without prejudice. Id. at 2. The plaintiff states

---

[1] The complaint pages do not appear in order on the docket. Based on the CM/ECF pagination, the pages should be read in the following order: 1, 2, 5, 3, 4, 6, 7, 8.

3

that he wants to refile and amend his complaint, and that he doesn't have the case number or the relevant dates.² Id.

The plaintiff alleges that on the date of incident, Officer Liam Nitz refused to let him out of his cell and refused to call a lieutenant or captain to address the "lock-in." Id. at 3, 5. Instead, Nitz allegedly called in "10-90/and Assault by a prisoner to staff." Id. at 3. The plaintiff asserts that he didn't assault Nitz. Id. He says that he went to "4D seg cell" and that Steveson came to his cell and told him there was no evidence on camera or DNA on Nitz. Id. Steveson allegedly allowed the plaintiff to present witnesses (the plaintiff might mean did *not* allow him to do so) and then Captain Hannah conducted the hearing for the incident in seg at the booking station/desk. Id. Hannah allegedly didn't review the footage and didn't let the plaintiff be heard or present witnesses. Id. The

---

² The plaintiff appears to be referencing Birk-Ail-El v. Nitz, Case No. 20-cv-1513-LA (E.D. Wis.). In that case, Judge Adelman allowed the plaintiff to proceed on a claim that Lt. Stevens denied him due process at a disciplinary hearing, that Nitz's false accusation amounted to a due process violation and that John Doe officers tampered with his food and locked him in his cell for twenty-three hours a day. Id., Dkt. No. 14 at 3-4. On August 4, 2021, Judge Adelman granted the defendants' motion for summary judgment for failure to exhaust administrative remedies and dismissed the case without prejudice. Id., Dkt. No. 31. The PLRA's exhaustion provision requires incarcerated individuals to exhaust available administrative remedies *before* filing suit, see 42 U.S.C. §1997e(a), and Judge Adelman concluded that the plaintiff did not do so. Case No. 20-cv-1513, ECF No. 31. The PLRA's exhaustion requirement would most likely prevent the plaintiff from filing an amended complaint in his prior case. In any event, the plaintiff has not filed a motion to vacate the judgment and reopen Case No. 20-cv-1513. Thus, while the court acknowledges the plaintiff's request to "re-file and amend said complaint," he filed this new case, and the court will screen the plaintiff's complaint *in this case.*

plaintiff asserts that Hannah said he didn't care what the plaintiff said and told the plaintiff, "I believe you did it." Id.

The plaintiff alleges that he was given "MAX custody" for no reasonable reason but to punish him and that he filed an appeal to Hannah's decision, but he wasn't given an appeal hearing. Id. at 3-4. The plaintiff states that Nitz lied because the plaintiff tried to go over his head, and that Steveson and Hannah didn't follow the law/policy in the "350 handbook." Id. at 4. He asserts that he didn't assault anybody but that he spent "60 plus days" in seg. Id. The plaintiff alleges that he was treated differently because he filed grievances and lawsuits at the jail and that the defendants intentionally did this to harm him. Id.

The plaintiff alleges that his rights were taken away and he had only one hour out of his cell, had to shower with a rip-belt and couldn't buy canteen or supplies. Id. He says that staff treated him differently, his food came with "snot" in it and he lost time out of his cell for no reason. Id.

The plaintiff alleges that because of Nitz's lies, he was charged with assault in a criminal case. Id. He states that at trial, he was found not guilty of assault or spitting on Nitz. Id.

The plaintiff states that the defendants did not follow the law/policy and that all he asks for is to be "safe, secure, healthy, and be treated equal and respect my rights." Id. at 6. He says that footage and the results of his DNA test show that the defendants deliberately and maliciously caused him harm. Id. For relief, the plaintiff seeks compensatory and punitive damages. Id. at 7. He also seeks injunctive relief. Id.

5

Case 2:23-cv-00110-PP   Filed 09/07/23   Page 5 of 9   Document 10

C. <u>Analysis</u>

The complaint does not contain any allegations against "Sheriff" and the court will dismiss that defendant.

As a pretrial detainee, the plaintiff could not be punished for a disciplinary infraction without first being provided due process of law. <u>See generally</u> <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979). Due process requires that the plaintiff be provided notice of the allegations, an opportunity to be heard and present witnesses, and a determination by a neutral factfinder. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563–66 (1974). If he was provided those things, the role of this court is to determine only whether there was "some evidence in the record" to support the fact-finder's conclusion. <u>See</u> <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 454 (1985); <u>McKinney v. Meese</u>, 831 F.2d 728, 733 (7th Cir. 1987). The plaintiff alleges that Steveson and Hannah did not give him an opportunity to be heard or present witnesses at his disciplinary hearing, they were not neutral about the plaintiff's charges and he spent at least sixty days in segregation based on the guilty finding from the conduct report. The plaintiff may proceed against Steveson and Hannah on a due process claim.

If the plaintiff's allegations are true and he did not receive the process due before and during his disciplinary hearing, then Nitz's false accusation that the plaintiff spit on him could be considered "arbitrary action," which also could be a violation of the plaintiff's right to due process. <u>See</u> <u>Hanrahan v.</u>

6

Lane, 747 F.2d 1137, 1140 (1984) (citing Wolff, 418 U.S. at 558). The court will allow the plaintiff to proceed on a due process claim against Nitz.

The plaintiff alleges that he was treated differently because he filed grievances and lawsuits. To state a claim for retaliation, he must plausibly allege that his protected activity was a motivating factor behind the defendants' conduct. See Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). The plaintiff did not "plead[] factual content that allows the court to draw the reasonable inference" that the defendants retaliated against him. Iqbal, 556 U.S. at 678. He did not plausibly explain what "led [him] to believe [his] treatment was because of" the protected activity. Dorsey v. Williams, No. 21-1858, 2022 WL 337192, at *1 (7th Cir. Feb. 4, 2022) (citing Kaminski v. Elite Staffing, Inc., 23 F.4th 774, 777-78 (7th Cir. 2022)). The plaintiff's allegation that he was treated differently is insufficient because it relies on speculation. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff has not stated a retaliation claim.

The plaintiff has alleged that during his time in segregation, his food came with "snot" in it, he had to shower while wearing a "Rip belt," he was allowed only one hour out his cell and he lost time out of his cell "for no reason." The plaintiff has not provided enough information to proceed on these allegations. For example, he has not identified the person or persons he believes was responsible for these conditions, how often the conditions occurred, whether he notified staff about the conditions (specifically, about the "snot" in his food) and what response, if any, he received after he notified staff.

7

The plaintiff has not stated a plausible claim for relief against any defendant based on these allegations.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that defendant Sheriff is **DISMISSED**.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendants Liam Nitz, Lt. Steveson and Captain Hannah. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the plaintiff must pay the $350 filing fee to the clerk of court as he is able.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 7th day of September, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**