UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYRIS T. BIRKLEY,

      Plaintiff,

v.              Case No. 23-cv-110-pp

LIAM NITZ, LT. STEVESON
and CAPTAIN HANNAH,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ADD CLAIMS (DKT. NO. 11)**

  Syris T. Birkley, who was incarcerated at the Milwaukee County Jail when he filed this lawsuit and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights. On September 7, 2023, the court screened the complaint and allowed the plaintiff to proceed on a due process claim against Lt. Steveson and Captain Hannah based on allegations that they did not give the plaintiff an opportunity to be heard or present witnesses at his disciplinary hearing, they were not neutral about the plaintiff's charges and the plaintiff spent at least sixty days in segregation based on the guilty finding from the conduct report. Dkt. No. 10 at 6. The court also allowed the plaintiff to proceed on a due process claim against Liam Nitz because if, as alleged, the plaintiff did not receive the process due before and after his disciplinary hearing, then Nitz's false accusation that the plaintiff spit on him could be considered "arbitrary action" which also could be a violation of the plaintiff's right to due process. Id. at 6-7. The plaintiff has

1

filed a request to proceed on a false imprisonment claim and a defamation of character claim, based on his complaint allegations.[1] Dkt. No. 11.

The plaintiff's filing states that he wants to add a "false imprisonment" claim because he was "unlawfully and [sic] Milwaukee County Jail for and Seg 4D (hole) for ov[er] 60 plus day and months fighting said criminal cha[rg]es for the f[al]se Information on the 'Criminal Complaint' by Nitz[.]" Id. He also says also wants to add a defamation of character claim "due to his false statements cause me harm by being put in the hole (4D Seg) for over 60 days." Id. The plaintiff adds that "this is 'negligence' by the above defendant(s) [and] this caused det[ri]mental harm to me, to my reputation and the community w[h]ere I had to defend my honor at trial w[h]ere I won." Id. He concludes that he wants to add a false imprisonment claim and a defamation of character claim to the complaint. Id.

The complaint alleges that the plaintiff was a pretrial detainee when the incidents described in the complaint occurred (Liam's alleged false accusation that the plaintiff spit on him, the conduct report, the disciplinary hearing and the sixty-plus days in segregation). For purposes of a §1983 claim, false imprisonment means detention without legal process. Cibulka v. City of Madison, 448 F. Supp. 3d 1001, 1023 (W.D. Wis. 2020) (citing Brown v. Dart, 876 F.3d 939, 941 (7th Cir. 2017)). Under Wisconsin state law, "[f]alse imprisonment is the unlawful and intentional restraint by one person of the

---

[1] The plaintiff's one-page filing is titled "Amend Complaint," but he clarifies that he wants to proceed on the existing complaint and add a claim. Dkt. No. 11.

physical liberty of another." Buchanan v. Weaver, No. 12-cv-408, 2013 WL 12180997, at *4 (W.D. Wis. Dec. 23, 2013) (citing Strong v. City of Milwaukee, 38 Wis. 2d 564, 568 (1968)). The plaintiff already was detained when the incident described in the complaint occurred, so he has not stated a claim for false imprisonment under federal or state law. The due process claims upon which the court allowed the plaintiff to proceed include his allegations that the defendants' actions caused him to spend time in "4D seg" at the jail. The plaintiff has not stated a separate claim for false imprisonment based on these allegations.

The plaintiff also wants to proceed on a defamation of character claim under Wisconsin state law based on Nitz's alleged false statements in the criminal complaint. Under Wisconsin law, defamation claims require that "the particular words complained of shall be set forth in the complaint." Wis. Stat. §802.03; see also Schindler v. Seiler, 474 F.3d 1008, 1010 (7th Cir. 2007). The plaintiff may proceed on a claim for defamation of character and the court will exercise supplemental jurisdiction over that state law claim. See 28 U.S.C. §1367.

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion to add claims. Dkt. No. 11. The court **DENIES** the motion to the extent the plaintiff asks to proceed on a false imprisonment claim. The court **GRANTS**

the motion regarding the plaintiff's request to proceed on a defamation of character claim under Wisconsin state law.

Dated in Milwaukee, Wisconsin this 14th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**