UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYRIS T. BIRKLEY,

                 Plaintiff,

v.                                          Case No. 23-cv-110-pp

LIAM NITZ, *et al.*,

                 Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 19), DENYING AS MOOT PLAINTIFF'S AFFIDAVIT OF THE TRUTH FOR DEFAULT JUDGMENT (DKT. NO. 31) AND DISMISSING CASE**

      Plaintiff Syris T. Birkley, who was incarcerated at the Milwaukee County Jail when he filed this lawsuit and is representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on a due process claim against defendants Lieutenant Steveson and Captain Hannah based on allegations that they did not give the plaintiff an opportunity to be heard or present witnesses at his disciplinary hearing, they were not neutral about the plaintiff's charges and the plaintiff spent at least sixty days in segregation based on a guilty finding from a conduct report. Dkt. No. 10 at 6. The court also allowed the plaintiff to proceed on a due process claim against defendant CO Liam Nitz because if, as alleged, the plaintiff did not receive the process due before and after his disciplinary hearing, then Nitz's false accusation that the plaintiff spit on him could be considered "arbitrary action" which could be a violation of the plaintiff's right to due process. Id. at 6-7. In a separate order, the court allowed the plaintiff to proceed against Nitz on a claim for defamation of character under Wisconsin state law. Dkt. No. 16 at 3. This order grants the defendants' motion for

1

summary judgment on exhaustion grounds, dismisses the plaintiff's federal claims, relinquishes jurisdiction over the plaintiff's state law claim and dismisses this case. The order also addresses the plaintiff's "Affidavit of the Truth for Default Judgment." Dkt. No. 31.

## I. Facts[1]

At the time of the events alleged in the complaint, the plaintiff was confined in the Milwaukee County Jail. Dkt. No. 20 at ¶¶7-9. Defendants Nitz, Stevens and Hannah were employed by the Milwaukee County Sheriff's Office and assigned to the jail. Id. at ¶¶10-12.

### A. Background Facts

On December 30, 2019, while he was housed in the general population housing unit, the plaintiff asked Nitz if he could come out of his cell. Id. at ¶13. Nitz reported that he denied the plaintiff's request because the plaintiff did not have an identification wrist band; he ordered the plaintiff to "lock-in" until he could provide the plaintiff with a wristband. Id. ¶¶14-15. Nitz reported that the plaintiff refused to lock-in his cell and spat in Nitz's face. Id. at ¶16. Because of the plaintiff's actions, the plaintiff was transferred to the jail's disciplinary pod (Pod 4D) pending a disciplinary hearing. Id. at ¶17. Hannah, as the corrections captain and supervisor, assisted in the plaintiff's transfer to Pod 4D. Id. at ¶18.

On January 2, 2020, Stevens conducted a disciplinary hearing related to the plaintiff's alleged rule violations on December 30, 2019. Id. at ¶19. Stevens found the plaintiff guilty of the following violations: committing any act that disrupts the orderly operating of the facility; refusing an order to go to bunk/cell; and physical assault inmate on staff. Id. at ¶20. Stevens found that

---

[1] The court includes only material, properly supported facts in this section. See Fed. R. Civ. P. 56(c).

the plaintiff was not guilty of the following violations: throwing/projecting any item or substance; committing an act which necessitates a security search by staff; and throwing, smearing or intentional misplacement of any bio-hazard substance. Id. at ¶21. Stevens ordered the plaintiff to serve thirteen days of disciplinary confinement in Pod 4D with three days credit for time already served. Id. at ¶¶22-23. The plaintiff served a total of ten days in disciplinary confinement as a result of the December 30, 2019 incident. Id. at ¶26.

On January 15, 2020, the Milwaukee County District Attorney's Office charged the plaintiff criminally with "Prisoner Throw/Expel Bodily Substances" in Milwaukee County Circuit Court Case Number 2020CF000249. Id. at ¶27. On September 8, 2020, Milwaukee County Circuit Court Judge Stephanie Rothstein presided over a jury trial on the charge. Id. at ¶28. The jury returned a verdict of not guilty; the plaintiff was acquitted of the charge. Id. at ¶29.

B. The Jail's Administrative Process

The jail's administrative process for addressing occupant complaints is the grievance process. Id. at ¶32. In 2019 and 2020, through approximately June 2020, when an occupant wanted to make a formal complaint related to confinement at the jail, the occupant was required to submit a completed paper grievance form. Id. at ¶33. After June 2020, electronic kiosks were installed in each pod at the jail through which all jail occupants could submit their grievances. Id. at ¶34. The kiosk system permits a jail occupant to both grieve and appeal complaints. Id. at ¶35.

The grievance process is set forth in the Occupant Handbook (Rules and Regulations), which is provided to all occupants at booking. Id. at ¶36. The grievance process also is explained in detail in a video that played on a continuous loop in the booking room at jail, including during the time that the

plaintiff booked into the jail. Id. at ¶37. Jail staff are trained to report any occupant grievances and hand out complaint forms to occupants who request to file a grievance. Id. at ¶38.

In 2019, the jail's grievance procedure required a grievance to be completed by the occupant on paper forms and placed in one of several grievance boxes at the jail or handed to a corrections officer if a grievance box was not available. Id. at ¶39. A grievance result was eligible for appeal if the occupant submitted his or her appeal in writing with supporting documents and the full names of witnesses; a jail captain then was tasked with the review and decision of the appeal. Id. at ¶41. If a final appeal of the captain's decision was desired, the occupant could appeal to the jail commander. Id. at ¶42. The appeal to the jail commander was required to include all prior written submissions, supporting testimony and evidence and any newfound information/evidence. Id. at ¶43. The jail commander's decision/action was final and completed the grievance process at the jail. Id.

    C.    Plaintiff's Grievances

On September 25, October 30, November 5, and December 10, 2020, the plaintiff grieved the incidents he listed in his complaint. Id. at ¶44. On September 29, 2020, Lt. Chrystalina Montano denied and closed the plaintiff's September 25, 2020 grievance and informed him that if he wished to appeal the response he must do so within fourteen days. Id. at ¶45. The plaintiff failed to appeal the denial of his September 25, 2020 grievance. Id. at ¶46.

On October 30, 2020, the plaintiff submitted a grievance. Id. at ¶47. Three days later, a clerical assistant responded to the plaintiff and requested that he clarify the date of the grieved incident because he used December 29, 2020 as his reference date. Id. at ¶48. On November 5, 2020, the plaintiff

responded and stated that the date of the incident was "December 29th/30th 2020." Id. at ¶49. That same day, Lt. Montano denied and closed the plaintiff's October 30, 2020 grievance because his grievance referenced an incident date that had not yet occurred. Id. at ¶50. The plaintiff did not resubmit his October 30, 2020 grievance or appeal the grievance. Id. at ¶51.

On November 5, 2020, the plaintiff again grieved the December 30, 2019 incident. Id. at ¶52. Lt. Jessica Kromray responded to the grievance and requested additional facts. Id. at ¶53. Instead of responding with additional facts, the plaintiff chose the appeal option on the kiosk and stated: "I suffer, as NATIONAL/DETAINEE, ACCORDING TO LAW !,I SHOULDN'T SUFFER AT ALL. AN I WENT TO TRIAL, HE DISHONOR MY NAME." Id. at ¶54. On November 7, 2020, Montano denied and closed as unfounded the plaintiff's appeal of his November 5, 2020 grievance. Id. at ¶55. The plaintiff failed to appeal Montano's denial of his appeal to the jail commander as required by the Inmate Handbook. Id. at ¶56.

On December 10, 2020, the plaintiff filed an additional grievance regarding the December 30, 2019 incident. Id. at ¶57. On December 17, 2020, Kromray responded to and closed the plaintiff's December 10, 2020 grievance and explained that the plaintiff had refused a corrections officer's attempt to retrieve more information from him related to his grievance. Id. at ¶58. The plaintiff appealed his December 10, 2020 grievance, though his "appeal" stated only as follows: "Now you want to talk, about Something that accorder [sic] a year ago, I been ask to talk to captain's then now youn [sic] want to address it the damage has been." Id. at ¶59. On December 21, 2020, because the plaintiff had failed to add any alleged facts related to his appeal, Montano denied and closed the plaintiff's appeal of his December 10, 2020 grievance. Id. at ¶60. The

5

plaintiff did not appeal Montano's denial of his grievance to a jail commander. Id. at ¶61.

## II. Analysis

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B.  Discussion

The defendants contend that the plaintiff failed to exhaust his administrative remedies because he failed to submit final appeals to the jail commander for any of his grievances, as required by the jail's grievance procedure. Dkt. No. 21 at 2. According to the defendants, the undisputed facts show that the plaintiff had the ability to exhaust his administrative remedies but that he failed to do so. Id. The defendants also contend that because Judge Adelman dismissed the plaintiff's claims on exhaustion grounds in the plaintiff's prior case (Birk-Ail-El v. Nitz, Case No. 20-cv-1513-LA (E.D. Wis.)), this court also must dismiss the plaintiff's claims on exhaustion grounds because the claims are the same. Id. at 8.

In his response, the plaintiff states that he "did exhaust administrative remedies and as you can see from the defense 'Proposed Findings of Fact,' the process was and still is 'futile' to comply with as said defendant(s) state of pg. 7 (45)." Dkt. No. 27 at 3. The plaintiff states that "[o]n Septem[ber] 29, 20[20], a LT denied me from grieving and appealing their decision this went on from mo[]nths as you can see due to the unlawful act, you can imagine how it was running without the kiosk an[d] only thing we had was paper cop[ies]." Id. The plaintiff says that he "place[d] numerous paper grievance and the box and or gave them to said CO in the M.C.J. but to no avail." Id. at 4. The plaintiff says that the M.C.J. employees "'closed' the plaintiff grievance(s) time in time again for I won't complaint or exhaust my remedies[]" which "means it wasn't available to the plaintiff by the M.C.J." Id.

1.  *The Exhaustion Requirement*

The Prison Litigation Reform Act (PLRA) states that an incarcerated person cannot assert a cause of action under federal law "until such

administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

    2.    *Analysis*

The court's screening order in this case recounted that the plaintiff previously had raised the same claims in Case No. 20-cv-1513-LA. Dkt. No. 10 at 4 n.2. In the 2020 case, Judge Adelman granted the defendants' motion for summary judgment on exhaustion grounds because the plaintiff had not completed the exhaustion process by appealing to the jail commander for any of his grievances. Birk-Ail-El v. Nitz, Case No. 20-cv-1513-LA, Dkt. No. 31 (E.D.

8

Case 2:23-cv-00110-PP    Filed 06/28/24    Page 8 of 12    Document 33

Wis. Aug. 4, 2021). Judge Adelman also determined that even if the plaintiff had fully exhausted, he had filed his grievances after he filed suit, violating the PLRA which required that he exhaust administrative remedies *before* bringing suit. Id. In this case, the plaintiff filed suit *after* he filed his grievances and appeals, and in screening the complaint the court allowed for the possibility that the plaintiff had exhausted before filing this case. As explained below, the plaintiff has not done so and the court reiterates Judge Adelman's analysis that the plaintiff failed to exhaust his administrative remedies.

It is undisputed that the plaintiff did not complete the jail's exhaustion process for any of the four grievances he filed. The handbook states that the jail captain and jail commander review appeals of denied grievances. The plaintiff does not dispute that he received the handbook or that he was aware of the handbook's description of the grievance procedure. Appeals to the jail captain and jail commander were available parts of the jail's grievance process, and the plaintiff has not shown otherwise. The plaintiff was required to complete those stages of the jail's grievance process to exhaust his administrative remedies under §1997e(a). See Taufner v. Johnson, Case No. 19-C-1288, 2022 WL 889420, at *5 (E.D. Wis. Mar. 25, 2022). Even if the plaintiff was unsure whether he needed to appeal, he was required to "err on the side of exhaustion." See Ross v. Blake, 578 U.S. 632, 643 (2016). Because the plaintiff failed to do so and did not complete all available steps of the jail's grievance procedure, he failed to exhaust his administrative remedies.

The plaintiff appears to contend that jail staff prevented him from exhausting because they did not let him file grievances concerning the issues described in the complaint. In his unverified summary judgment response, the plaintiff states that he placed numerous "grievances" in the box or gave them to

staff but "to no avail." Incarcerated individuals are required to exhaust only "available" administrative remedies. 42 U.S.C. § 1997e(a). An administrative remedy becomes unavailable if prison staff do not respond to a properly filed grievance or otherwise prevent an incarcerated person from exhausting. Kaba v. Stepp, 458 F.3d 678, 684-85 (7th Cir. 2006). The plaintiff has not shown that remedies were unavailable to him. Along with his response, he included copies of the grievances and appeals he submitted, the same grievances the defendants filed along with their motion for summary judgment. For two of the grievances the plaintiff submitted an appeal and for two he did not. For the two grievances for which he did submit an appeal to the jail captain, he did not submit an appeal to the jail commander, as the rules require.

The defendants have satisfied their burden to show that the plaintiff failed to exhaust his administrative remedies as to his federal claims. The court will dismiss those claims without prejudice. See Ford v. Wilson, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under §1997e(a) should be without prejudice). Because the court has dismissed the plaintiff's federal claims, it will relinquish supplemental jurisdiction over his remaining state law claim. See 28 U.S.C. §1367(c)(3); Lavite v. Dunstan, 932 F.3d 1020, 1034-35 (7th Cir. 2019).

### III. Plaintiff's Affidavit of the Truth for Default Judgment (Dkt. No. 31)

On May 13, 2024, the plaintiff filed a document titled "Affidavit of the Truth for Default Judgement [sic]." The court will construe this document as a request for default. The plaintiff states that the defendants' answer to the complaint was due on November 5 or November 6, 2023, but he says that the defendants "failed to appear, plead or otherwise defend within the time allowed and, therefore, is [sic] now in default." Dkt. No. 31 at 2. The defendants *did* file

10

Case 2:23-cv-00110-PP   Filed 06/28/24   Page 10 of 12   Document 33

an answer to the complaint on November 6, 2024. Dkt. No. 14. Because the defendants timely filed a responsive pleading, the court will not grant default and will deny as moot the plaintiff's Affidavit of the Truth for Default Judgment.

**IV.     Conclusion**

The court **GRANTS** the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 19.

The court **ORDERS** that the plaintiff's federal claims are **DISMISSED WITHOUT PREJUDICE**. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004). The court relinquishes jurisdiction over the plaintiff's remaining state law claim.

The court **DENIES AS MOOT** the plaintiff's Affidavit of the Truth for Default Judgment. Dkt. No. 31.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If

11

the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 16(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of June, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**