UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYRIS T. BIRKLEY,

                Plaintiff,

v.

                Case No. 23-cv-110-pp
                Appeal No. 24-2176

LIAM NITZ, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 38)**

On June 28, 2024, this court granted the defendants' motion for summary judgment on exhaustion grounds, relinquished jurisdiction over the plaintiff's state law claims, dismissed this case and entered judgment against the plaintiff. Dkt. Nos. 33, 34. Eleven days later, the plaintiff filed a notice of appeal and a motion for leave to appeal without prepaying the appellate filing fee. Dkt. Nos. 36, 38. The plaintiff was incarcerated at the Milwaukee County Jail when he filed the complaint, but is no longer incarcerated.

The Federal Rules of Appellate Procedure allow a party in a district court case who wants to appeal without prepaying the appellate filing fee to file a motion with an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to relief; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). If the district court allowed the party to proceed without prepaying the filing fee, the party may appeal without prepaying the filing fee unless the district court

1

certifies that the party has not appealed in good faith or that the party is not otherwise entitled to proceed without prepaying the filing fee. Fed. R. App. P. 24(a)(3).

The threshold for proceeding without prepaying the filing fee on appeal is low. This court granted the plaintiff leave to proceed without prepaying the filing fee at the district court level. Dkt. No. 10. That means that the plaintiff may proceed on appeal without prepaying the filing fee unless the court certifies that the appeal is taken in bad faith. An appeal is taken in bad faith when no reasonable person could suppose that the claim has merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The plaintiff failed to raise a genuine issue of material fact in opposition to the defendants' motion for summary judgment on exhaustion grounds. While the court found that the plaintiff had failed to exhaust his administrative remedies, it will not certify that he is proceeding in bad faith.

The court **GRANTS** the plaintiff's motion for permission to appeal without prepaying the appellate filing fee. Dkt. No. 38.

Dated in Milwaukee, Wisconsin this 26th day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**